In the District Court of the United States<br>
For the District of South Carolina<br>
BEAUFORT DIVISION

| | |
|---|---|
| **Anthony Gambrell, #233879,** )<br>  )<br>  Petitioner, )<br>  )<br>vs. )<br>  )<br>**E. Richard Bazzle, Warden of Perry** )<br>**Correctional Institution,** )<br>  )<br>  Respondents. )<br>_____ ) | Civil Action No. 9:07-0172-RBH-GCK<br><br>**REPORT AND RECOMMENDATION**<br>**OF THE MAGISTRATE JUDGE** |

## I.   INTRODUCTION

The Petitioner, Anthony D. Gambrell ("Petitioner" or "Gambrell"), a state prisoner proceeding without the assistance of counsel, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254. By definition, the relief which he seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Pursuant to the provisions of Title 28, United States Code Section 636(b)(1)(B) and (B), and Local Civil Rules 73.02(B)(2)(c) and (e), D.S.C. The above-named Respondent has filed a motion for summary judgment. [19] As this is a dispositive motion, this Report and Recommendation is submitted for review by the District Court.

## II.   *PRO SE* PETITION

The Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978). Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of 28

U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214.  This review has been conducted in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *and Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir.1975).  Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented.  *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).  Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Rice v. National Security Council*, 244 F.Supp. 2d 594, 596 (D.S.C. 2001), *citing Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).  Such is the case with the present Petition.

### III.   PROCEDURAL HISTORY IN STATE COURT

#### A.  Proceedings in the Court of General Sessions

The Greenville County Grand Jury indicted Gambrell at the February 1998 term of court for three charges of pointing a firearm (98-GS-23-0974, 98-GS-23-0976 and 98-GS-23-0977), one charge of Armed Robbery (98-GS-23-098), and two charges of breaking into a motor vehicle (98-GS-23-0979 and 98-GS-23-0980).  Attorney John Rollins represented Gambrell on these charges.

On February 9-10, 1998, Gambrell appeared before the Honorable John Kittredge and a jury.  Judge Kittredge granted a directed verdict on the charge of pointing a firearm in 98-GS-23-0977.  The jury convicted Gambrell of armed robbery and one charge of breaking into a motor vehicle in 98-GS-23-0980, but acquitted him of the charges of pointing a firearm, and the second charge of breaking in to a motor vehicle.  Judge Kittredge sentenced Gambrell to thirty years imprisonment for armed robbery and a consecutive five (5) years for breaking in to a motor vehicle.

Gambrell timely served and filed a notice of direct appeal from his conviction and sentence.  Assistant Appellate Defender Tara S. Taggart, of the South Carolina Office of Appellate Defense, was appointed to represent Gambrell in his direct appeal. On February 16th, 1999, Taggart filed an *Anders* Brief,[1] and a Final Brief of Appellant, in which she raised the following issue:

> Whether the trial judge erred in qualifying as an expert witness a person who had never previously been qualified as an expert and who had never before testified in court.

(App. 198-206)  The case was submitted without oral argument to the South Carolina Court of Appeals and that Court affirmed with a memorandum opinion dated September 20, 1999.

---

[1]    *Anders v. California*, 386 U.S. 738 (1967).

*State v. Gambrell*, Unpub. Op. No. 99-UP-458 (Ct. App. 1999) (*per curiam*). (App. 207-208). The Remittitur was sent down on October 6, 1999.

### B.  Gambrell's First Application for Post-Conviction Relief

On August 22, 2000, Gambrell filed a *pro se* application for post-conviction relief ("PCR") (00-CP-23-4697), in which he alleged the following grounds for relief:

Ineffective assistance of counsel:

a.   Failed to negotiate a reasonable plea.

b.   Failed to inform to the nature and extent of charges.

c.   Failed to adequately inform of plea bargain process.

d.   Failed to object to erroneous instruction.

(App. 209-213)

The State filed its Return on January 26, 2002. (App. 214-217)  An evidentiary hearing in the matter was held before the Honorable Joseph J. Watson at the Greenville County Courthouse on February 28, 2002. (App. 218-253)  Gambrell was present and represented by appointed counsel J. Faulkner Wilkes, Esquire. Assistant Attorney General Edgar R. Donnald, Jr., Esquire represented the State. Gambrell testified on his own behalf, while the State presented the testimony of trial counsel, Mr. Rollins. Judge Watson orally denied relief at the hearing (App. 252-253), and issued a Form 4 Order filed February 28, 2002, which stated: "Application denied with prejudice. All causes of action denied." (App. Tab #3)

Gambrell's attorney, Mr. Wilkes, timely served and filed a Notice of Appeal of the Form 4 Order. (App. Tab #4)  Assistant Appellate Defender Tara S. Taggart of the South Carolina Office of Appellate Defense was appointed to represent Gambrell in collateral appellate proceedings. On January 13, 2003, Taggart filed on behalf of Petitioner a "Motion to Remand for Rehearing", in which she argued that the appeal should be remanded back to the circuit court for preparation of more than just a Form 4 Order. (App. Tab #5)  The State

filed a Return to this motion dated March 11, 2003. (App. Tab #6) The South Carolina Supreme Court denied this motion by Order dated April 3, 2003.

Meanwhile, on March 19th, 2003, the Honorable John C. Few signed a full written Order rejecting Petitioner's claims for relief in the PCR. (App. Tab #7) Below his signature, Judge Few wrote: "This Order prepared by AG was sent at Judge Watson's request, but arrived after Judge Watson's retirement. JCF."

On April 15, 2003, Attorney Wilkes filed a Notice of Appeal of Judge Few's Order. (App. Tab #9)

On May 5, 2003, Ms. Taggart filed a petition for a writ of certiorari with the South Carolina Supreme Court which raised the following issues:

1. Whether a "Form 4" order is sufficient in order for a post-conviction relief applicant to obtain judicial review.

2. Whether the lower court had subject matter jurisdiction to enter a final order denying petitioner's application for post conviction relief where the case was pending before this court.

3. Whether a circuit court judge may issue an order of dismissal prepared by the Attorney General's office without having any knowledge of the case.

(App. Tab #10)

On July 15, 2003, the State filed a Return to the Petition for Writ of Certiorari. (App. Tab #11) On December 3, 2003, the South Carolina Supreme Court ruled: (1) that because a Form 4 order was issued which did not specifically rule on Petitioner's allegations, and no Rule 59(e), SCRCP motion was filed, there were no issues preserved for appellate review, and therefore, the petitioner for a writ of certiorari was denied; and (2) because Judge Few's formal order dismissing the PCR application was entered after the service of the Notice of Appeal from Judge Watson's order; Judge Few did not have jurisdiction to issue an order while it was pending before the state Supreme Court, and therefore Judge Few's written Final

Order of March 19th, 2003 was vacated. (App. Tab #12) The Remittitur was sent to the lower court on December 19, 2003. (App. Tab #13)

### C. Gambrell's Second Application for Post-Conviction Relief

On July 9, 2004, the Petitioner filed a second Application for Post-Conviction Relief ("PCR2") in which the following issues were presented for review:

1. Ineffective assistance of PCR counsel "failed to file for reconsideration."

2. Ineffective assistance of trial counsel:

   a. "Failed to negotiate [satisfactory] plea between State and defendant."

   b. "Failed to inform defendant about pleading to individual charges."

   c. "Failed to motion for full/complete instruction of sequestration rule and failed to motion for curative instruction when the rule was 'indirectly' violated by state witnesses."

   d. "Failed to motion for instruction of lesser included offense when evidence and testimony of stated warranted such instruction."

   e. "Failed to inform defendant of the nature and extent of evidence and witness testimony."

3. Insufficient evidence.

(PCR2 App.1)

The State filed a Return and Motion to Dismiss dated November 16, 2004, in which it argued the PCR2 should be dismissed as violative of the PCR statute of limitations and the bar against successive applications. (PCR2 App. 10)

The Honorable Edward W. Miller signed a Conditional Order of Dismissal on November 24, 2004, giving Petitioner a period of time to show why his APCR2 should not be dismissed for the limitations and successiveness bars. (PCR2 App. 16) Petitioner replied with a "Motion in Opposition to Conditional Order of Dismissal, for Reconsideration", dated December 7, 2004. On March 15th, 2005, Judge Miller signed a Final Order dismissing Petitioner's PCR2. (PCR2 App. 22) Petitioner then filed a *pro se* Motion to Alter or Amend

Judgment dated March 22, 2005 (PCR2 App. 24), to which the State replied with a Return. (PCR2 App. 33)  On April 7, 2005, Judge Miller issued an Order denying the Motion to Alter or Amend.

Petitioner timely filed a *pro se* Notice of Appeal from Judge Miller's Final Order. Assistant Appellate Defender Aileen P. Clare, of the South Carolina Office of Appellate Defense, was appointed to represent Petitioner in his PCR appeal. On August 11, 2005, Ms. Clare filed a "no merit" *Johnson*[2]  Petition for Writ of Certiorari and Petition to be Relieved as Counsel, in which she raised the following issue on behalf of Petitioner:

> Did the lower court err by summarily dismissing petitioner's application for post-conviction relief as untimely filed, when it was filed within one year of this Court's order denying his first PCR appeal?

The State filed a letter Return to the Petition on August 15, 2005.  On February 2, 2006, the South Carolina Supreme Court denied the petition for certiorari and granted counsel's request to withdraw from the case.  The Remittitur was sent down on February 21, 2006.

## IV.  FEDERAL COURT HISTORY

Gambrell is presently incarcerated in the Perry Correctional Institution of the South Carolina Department of Corrections ("SCDC").  Gambrell filed this Petition for a writ of habeas corpus (the "Petition") on January 17, 2007, against the above-captioned Respondent, Warden E. Richard Bazzle, Warden of the Perry Correctional Institution (the "Respondent").[3]

[1]  In his *pro se* Petition, Gambrell raised the following grounds for relief:

> Ground One:         Denied Due Process.
>
> Supporting Facts:   South Carolina Supreme Court denied petition for writ of certiorari, refusing to review the claims raised in first PCR application/hearing

---

[2]     *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

[3]     In *habeas corpus* cases, the Petitioner has the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) with respect to the "delivery" date of his Petition.  [5]

|   |   |
|---|---|
|   | that were not specifically ruled on by PCR judge. Supreme Court vacated the Order of Dismissal to this application. The claims that were raised in first application were "never" specifically addressed and ruled apon [sic]. |
| Ground Two: | Denied Due Process |
| Supporting Facts: | PCR attorney at first PCR hearing prematurely appealed PCR Judge's decision without having a full order by the Judge specifically ruling on Petitioner's application leading to the Supreme Court denial to review the issue raised by Petitioner in his application/hearing. |
| Ground Three: | Denied Due Process |
| Supporting Facts: | During trial phase the sequestration rule was violated. The violation was brought to the trial judge's attention. No instruction on the rule was given to the witnesses. No hearing was held to see how the violation may have prejudiced the fairness of trial. The jurors were never made aware of this violation. |
| Ground Four: | Conviction obtained by other crimes evidence which Petitioner was not convicted of. |
| Supporting Facts: | During trial prosecutor presented evidence to [sic] four (4) other crimes in which Petitioner was also being tried for that made strong allegations as to Petitioner being in the area of the crime and also armed during the crime. This evidence alleged that Petitioner became armed after stealing a gun from an auto mobile and used the same gun to commit a robbery. Petitioner was found not guilty of that specific count of breaking into a motor vehicle.. |

On January 22, 2007, the undersigned issued an Order which authorized service upon the Respondent and notified Gambrell of the change of address rule. [5] On March 16, 2007, the Respondent moved for an extension of time in which to make a return or otherwise plead. [7] This motion was granted by the undersigned on March 21, 2007. [8] On April 16, 2007, the Respondent again moved for an extension of time in which to make a return or otherwise plead; that motion was granted on April 18, 2007. [11; 12] On April 24, 2007, the Petitioner filed a Motion for Reconsideration of the court's April 18, 2007 Order granting an extension to the Respondent. [17] On May 4, 2007, the Respondent filed a Motion for Summary Judgment and a Return and Memorandum of Law in Support of Motion for Summary Judgment (the "Return") and supporting exhibits. [19, 20] The undersigned issued an Order filed on May 7, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975),

notifying Gambrell of the summary judgment dismissal procedure and the possible consequences if he failed to respond adequately to the Respondent's Return.[4]  [21]  On June 8, 2007 Gambrell filed a Motion to voluntarily dismiss the action without prejudice pursuant to Rule 41(a)(2), Fed.R.Civ.P. obtain a final order with respect to his first PCR action.  [23]  On June 12, 2007, the Respondent filed a response in opposition to Gambrell's motion to dismiss. [24]  As the issues have been joined, this matter is ripe for review by the undersigned.

## V.    HABEAS CORPUS REVIEW

### A.  The Antiterrorism and Effective Death Penalty Act

The present habeas corpus petition was filed on January 17, 2007.  Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court's review of his collateral attack on his criminal conviction is governed by the parameters set forth in the AEDPA, which amended Section 2254.  *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.), *cert. denied*, 521 U.S. 371 (1998); *Green v. French*, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999).

### B.  The AEDPA's Statute of Limitations

The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  The one year period begins to run at the "conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  "The time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any

---

[4] The explanation to the *pro se* litigant is required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which was a civil rights case.  The same procedure has been held to apply in federal habeas corpus cases under *Webb v. Garrison*, No. 77-1855 (4th Cir., decided July 6, 1977).

period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). While state collateral review tolls the one-year statute of limitations under § 2244(d)(1)(A) for properly filed pleadings, *Artuz v. Bennett*, 531 U.S. 4 (2000), it does not establish a right to file within one year after completion of collateral review. *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000) (an inmate does not have one year from the conclusion of state court collateral review; instead, the one year period for filing habeas petition commences upon conclusion of direct review of conviction but is suspended while state PCR proceedings are pending in any state court); *Smith v. McGinnis*, 208 F.3d 13 (2d Cir. 2000). Nor does the tolling period for state collateral review include the time for filing a petition for certiorari in the United States Supreme Court following the denial of post-conviction relief. *Lawrence v. Florida*, — U.S. —, — S.Ct. —, 2007 WL 505972, *3-5 (2007) ("[r]ead naturally, the text of the statute must mean that the statute of limitations is tolled only while state courts review the application. . . . [A]llowing the statute of limitations to be tolled by certiorari petitions would provide incentives for state prisoners to file certiorari petitions as a delay tactic. By filing a petition for certiorari, the prisoner would push back § 2254's deadline while we resolved the petition for certiorari. This tolling rule would provide an incentive for prisoners to file certiorari petitions–regardless of the merit of the claims asserted–so that they receive additional time to file their habeas applications") (internal citations omitted); *Crawley v. Catoe*, 257 F.3d 395, 399 (4th Cir. 2001) ("neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled under 28 U.S.C. § 2244(d)(2) from the one-year statute of limitations under § 2244(d)(1)"); *see also Carey v. Saffold*, 536 U.S. 214, 220 (2002) (application for state collateral review remains pending during the time to seek further review in the state courts, "until the application has achieved final resolution through the State's post-conviction procedures"[.]). "[T]he one-year limitation period is also subject to equitable tolling in 'those rare instances where–due to circumstances external to the party's own conduct–it would be

unconscionable to enforce the limitation against the party.' " *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002), *quoting Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

Petitioner's conviction was finalized by the conclusion of direct review on December 19, 1999, or ninety (90) days after September 20, 1999, the date the South Carolina Court of Appeals issued its opinion affirming Petitioner's convictions. *See, e.g. Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000) (direct review concludes at expiration of time for seeking certiorari from United States Supreme Court); U.S. Sup. Ct. R. 13(1) (time for filing petition for certiorari with United States Supreme Court is 90 days). Petitioner therefore had until December 19, 2000 to file his federal habeas corpus action unless the period was at any time tolled. *See, e.g. Hernandez v. Caldwell*, 225 F.3d 435 (4th Cir. 2000); *Harris*, *supra*; *Brown v. Angelone*, 150 F.3d 370 (4th Cir. 1998).

Petitioner did not file his application for PCR until August 22, 2000, so two-hundred and forty seven (247) days of non-tolled time ran since the period of limitations began on December 19, 1999. The period of limitations was tolled during the pendency of the PCR action until no later than December 3, 2003, when the South Carolina Supreme Court issued the Remittitur following its Order denying certiorari review. *See, e.g. Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999) (tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000) (running clock from when state appellate court denied leave to appeal denial of state post-conviction petition).

Petitioner did not file his PCR2 until July 9, 2004, so an additional two-hundred and nineteen (219) days of non-tolled time ran between disposition of the first PCR and the filing of the second PCR. Assuming the period of limitations was tolled during the pendency of the PCR2, it would have been until no later than February 21, 2006, when the South Carolina Supreme Court issued the Remittitur following its Order denying certiorari review. *See, e.g. Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999) (tolling does not include 90 days for United States

Page 11 of 17

Supreme Court certiorari petition from final denial by state's highest court of collateral action); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000) (running clock from when state appellate court denied leave to appeal denial of state postconviction petition).

Petitioner's delivery date is January 17, 2007, so three hundred and thirty (330) days of non-tolled time accrued after the disposition of his PCR2. When the pre- and post-PCR and PCR2 time periods are added, there were at least seven hundred and ninety-six (796) days of non-tolled time since Petitioner's period of limitations began to run on December 19, 1999 (247 +219+330). Therefore, the present Petition for Writ of Habeas Corpus is clearly time-barred and should be denied and dismissed. *See Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000) (where petitioner's direct review concluded in 1992, and petitioner did not file for PCR until ten-and-one-half months after AEDPA's effective date of April 24, 1996, then the ten-and-one-half months counted against his period of limitations, which expired one-and-one-half months after his PCR was finally concluded in January 1998).

Indeed, while not necessary to find this Petition untimely, it is questionable whether the PCR2 would even toll the period of limitations at all. As noted before, it was dismissed as untimely and successive by the PCR2 judge and the state supreme court denied certiorari from this determination. The United States Supreme Court has held that a state collateral attack action not timely filed under the state statute of limitations is not a "properly filed" state collateral attack action under 28 U.S.C. §2244(d)(2) sufficient to toll the federal period of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 413, 161 L.Ed.2d 669, 125 S.Ct. 1807 (2005). If the PCR2 were not considered to have tolled anything, an additional five hundred and ninety two days (592) would be added to the tally of non-tolled time, encompassing the period from July 9, 2004, to February 21, 2006.

On the other hand, even if it were assumed that the time between the two PCRs was equitably tolled because Petitioner was attempting to get an appeal on the merits of his PCR in the PCR2 due to APCR counsel's failure to file a Rule 59 motion after issuance of the Form 4

Order, Petitioner would still be far out of time.  As noted earlier, Petitioner did not file his first PCR until August 22, 2000, so two-hundred and forty-seven (247) days of non-tolled time ran since the period of limitations began at the conclusion of direct review on December 19, 1999. A further three hundred and thirty (330) days of non-tolled time accrued between the disposition of his APCR2 on February 21, 2006 and the delivery date for this petition of January 17, 2007.  Those two periods total five hundred and fifty-seven (557) days.  Thus, even if the PCR and PCR2 were considered to be but one seamless collateral attack, Petitioner would still be far out of time.  *See generally Harris*, *supra*.  As the Petition for a writ of habeas corpus is time-barred, it is recommended that it be dismissed.

## C. The Petitioner's Motion to Dismiss

Pursuant to Federal Rules of Civil Procedure 41(a)(1) & (2), a plaintiff may not voluntarily dismiss his action without order of court after service of an answer or motion for summary judgment, unless a stipulation of dismissal is signed by all parties.  Rule 41(a)(2) allows the court after this time to dismiss the action upon such terms as the court deems proper.

In the present case, Respondent filed its answer and motion for summary judgment on May 4, 2007, approximately six (6) weeks before Petitioner filed the instant motion.  Thus, an order of this Court is necessary to voluntarily dismiss the action without prejudice.

As a general rule, a plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2) should not be denied absent plain legal prejudice to the defendant.  *See Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987); *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986).  A district court, however, may dismiss an action under Rule 41(a)(2) with prejudice.  *See Choice Hotels Int'l Inc.*, 11 F.3d 469, 471 (4th Cir. 1993).  In deciding whether to dismiss an action with prejudice pursuant to Rule 41(a)(2), the district court must consider several factors:  (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of

the need for a dismissal; and (4) the present stage of the litigation, *i.e.*, whether a dispositive motion is pending. *See Phillips USA, Inc. v. All-flex USA, Inc.,* 77 F.3d 354, 358 (10th Cir. 1996); *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987). These factors are not exclusive, however, and any other relevant factors should be considered by the district court depending on the circumstances of the case. *See Ohlander*, 114 F.3d at 1537. For example, in considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant. *Hoffman v. Alside, Inc.*, 596 F.2d 822, 823 (8th Cir. 1979).

In the present case, the court is of the opinion that factors weigh against the granting of Petitioner's motion. First, the Respondent has already expended time and expense in reviewing the case, preparing a concise and well-written 23-page Return and Memorandum, and compiling and copying the relatively lengthy state court record from this felony trial. As to factor two, Petitioner is out of time pursuant to the AEDPA's period of limitations and thus has not been diligent. As to factor three, Petitioner has failed to show a sufficient explanation for voluntary dismissal without prejudice. The Respondent has raised a limitations defense which would finally dismiss this habeas action *with* prejudice, and the Respondent denies that Petitioner has any state remedies remaining.

Petitioner, however, asserts that because his first PCR appeal was dismissed due to the fact that only a form order was issued and counsel never filed a Rule 59(e) motion, then the PCR matter is still pending and he has a state remedy remaining. Even if Petitioner did have a state remedy remaining to somehow "complete" his PCR, it would be of no consequence to the limitations defense raised in this habeas action. As noted in Respondent's Return, Petitioner is far out of time, as seven hundred and ninety-six (796) days of non-tolled time have passed since Petitioner's conviction was finalized. Indeed, as Respondent pointed out in its Return, even if Petitioner's PCR and PCR2 were considered to be one seamless action due to his attempt in the PCR2 to achieve appellate review on the merits of the PCR, Petitioner

Page 14 of 17

would still be far out of time, as two-hundred and forty-seven (247) days of non-tolled time ran after the conclusion of direct review but before the filing of the PCR, and an additional three hundred and thirty (330) days of non-tolled time accrued between the disposition of his PCR2 on February 21, 2006 and the delivery date for this petition of January 17, 2007.  Those two periods total five hundred and fifty-seven (557) days.  Thus, it is irrelevant whether Petitioner has a state remedy remaining in collateral attack.  Even if he could return to state court, his habeas action is already time barred.

Indeed, and while not necessary to the limitations defense, Respondent respectfully asserts that Petitioner does not have a state collateral attack remedy remaining.  In denying the petition for certiorari in the APCR appeal, the state supreme court specifically stated that nothing had been preserved for review because there were no specific rulings in the form order, and no Rule 59(e) motion had been filed to seek such rulings.  The time is past for a Rule 59(e) motion to be filed as to the form order.  Rule 59(e), SCRCP (10 day requirement form notice to file a Rule 59 motion).  And, the state supreme court denied the petition for certiorari, never once stating, as Petitioner erroneously contends, that the court did not have jurisdiction due to the absence of an order specially rejecting Petitioner's claims.

The South Carolina Supreme Court also dismissed the PCR2 appeal, despite the claim raised there that Petitioner should be allowed an appeal on the merits from the PCR due to PCR counsel's failure to file a Rule 59 motion.  Thus, it appears the state courts have opined that no further PCR proceedings remain.  There is no viable state court remedy remaining, and the only reason given by Petitioner as supporting the present motion to dismiss is nonexistent.

As to factor four, the State did have a dispositive motion (the motion for summary judgment) pending at the time Petitioner filed the present motion to dismiss without prejudice.  Accordingly, all of the factors weigh against granting Petitioner's motion to dismiss without prejudice.

**RECOMMENDATION**

Based upon the foregoing, it is recommended that the Respondent's Motion for Summary Judgment **[19] should be granted** and Petitioner's Motion to Voluntarily Dismiss without prejudice **[23] should be denied**. Finally, Petitioner's Motion for Reconsideration of the order granting an extension of time to the Respondent **[17] is deemed moot.**

GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

June 26, 2007

Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).