UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| ANTHONY GAMBRELL, ) | Civil Action No.: 9:07-cv-00172-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WARDEN E. RICHARD BAZZLE, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

Petitioner, proceeding *pro se*, initiated this action pursuant to 28 U.S.C. § 2254.

Currently pending are: 1) Petitioner's [Docket Entry #17] motion for reconsideration of the Order granting an extension of time for Respondent to file an Answer; 2) Respondent's [Docket Entry #19] motion for summary judgment; and 3) Petitioner's [Docket Entry #23] motion to voluntarily dismiss. These motions come before the court with the Report and Recommendation [Docket Entry #25] of Magistrate Judge George C. Kosko filed on June 26, 2007.[1]

In his Report and Recommendation, the Magistrate Judge recommended that the Respondent's motion for summary judgment be granted concluding that the instant petition was barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). The Magistrate Judge also recommended that Petitioner's motion to voluntarily dismiss be denied and his motion for reconsideration be deemed moot.

The dispositive question with regard to the statute of limitations issue concerns when

---

[1] This matter was referred to Magistrate Judge Kosko pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and Local Civil Rules 73.02(B)(2)(c) and (e).

the Petitioner's first state PCR action became final for purposes of calculating AEDPA's one-year statute of limitations.

## Background

On February 9-10, 1998, Petitioner was convicted in state court of one count of armed robbery and one count of breaking into a motor vehicle. Circuit Judge Kittredge sentenced Petitioner to thirty (30) years for armed robbery and five (5) years for breaking into a motor vehicle, consecutively. Petitioner timely filed a Notice of Appeal from his conviction and sentence.

Petitioner's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising the issue: "whether the trial judge erred in qualifying as an expert witness a person who had never previously been qualified as an expert and who had never before testified in court." [Appendix, at pg. 201, Docket Entry #20-4]. On September 20, 1999, the South Carolina Court of Appeals dismissed Petitioner's direct appeal. Petitioner's direct review of his conviction and sentence was finalized on December 19, 1999.[2]

Petitioner filed his first application for post-conviction relief on August 22, 2000. The State filed its Return on January 26, 2002, and an evidentiary hearing was held before Circuit Judge Joseph J. Watson on February 28, 2002.

On February 28, 2002, Judge Watson denied the requested relief on the record and issued a Form 4 Order, which stated "Application denied with prejudice. All causes of action

---

[2] Direct review concludes at the expiration of time for seeking certiorari from the United States Supreme Court. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). The time for filing a writ of certiorari in the United States Supreme Court is 90 days after entry of the judgment or order sought to be reviewed, not from the issuance date of the mandate (or its equivalence under local practice). Sup. Ct. R. 13(1), (3).

2

denied." [Form 4 Order, Docket Entry #20-6]. Petitioner's PCR attorney did not file a motion to alter or amend the judgment under Rule 59(e). On March 12, 2002, Petitioner's PCR attorney filed a Notice of Appeal from the Form 4 Order.

On January 13, 2003, Petitioner's PCR appellate counsel filed a motion to remand the case to the Circuit Court for rehearing arguing that Judge Watson's Form 4 Order did not comply with the requirement that the post-conviction relief court "shall make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented." S.C. Code Ann. § 17-27-80; *Pruitt v. State*, 423 S.E.2d 127, 128 (S.C. 1992) (remanding for rehearing because Circuit Court Judge's Order denying post-conviction relief did not address the issues raised in the PCR application). In its response to the motion to remand, the State argued that Petitioner was not entitled to remand and rehearing because Judge Watson had made specific findings and conclusions on the record. The State argued that the Form 4 Order, coupled with Judge Watson's stated findings and conclusions, amounted to a final judgment in the case. On April 3, 2003, the South Carolina Supreme Court issued an Order denying Petitioner's motion to remand for rehearing.

In the meantime, Judge Watson retired. On March 19, 2003, while the case was on appeal, Judge Few issued an Order of Dismissal.[3] Unlike Judge Watson's Form 4 Order, Judge Few's Order contained specific findings of fact and conclusions of law addressing each of Petitioner's allegations. On April 15, 2003, Petitioner's PCR attorney filed a Notice of Appeal from Judge Few's Order of Dismissal.

---

[3] Judge Few noted that the Order had been prepared by the Attorney General at Judge Watson's request, but had arrived after he retired.

3

Petitioner's PCR appellate attorney filed a petition for writ of certiorari to the South Carolina Supreme Court on May 5, 2003, raising the following issues:

> 1. Whether a "Form 4" order is sufficient in order for a post-conviction relief applicant to obtain judicial review.
>
> 2. Whether the lower court had subject matter jurisdiction to enter a final order denying petitioner's application for post-conviction relief where the case was pending before this Court.
>
> 3. Whether a circuit court judge may issue an order of dismissal prepared by the Attorney General's Office without having any knowledge of the case.

The Supreme Court denied Petitioner's petition for writ of certiorari on December 3, 2003. The Court stated "Judge Watson issued a Form 4 order which did not specifically rule on petitioner's allegations. Because no Rule 59(e), SCRCP, motion was filed, there are no issues preserved for appellate review. Accordingly, the petition for a writ of certiorari is denied." [S.C. Supreme Court Order, Docket Entry #20-15]. The Supreme Court also vacated Judge Few's Order of Dismissal concluding that Judge Few did not have jurisdiction to issue an Order of Dismissal while the action was pending in the state Supreme Court. The Court did not disturb Judge Watson's denial of relief, his findings on the record, or his Form 4 Order. On December 19, 2003, the Remittitur was issued.

On July 9, 2004, Petitioner filed a second application for post-conviction relief. On November 24, 2004, Judge Patterson issued a Conditional Order of Dismissal allowing Petitioner twenty (20) days to show why the dismissal should not become final. Judge Patterson found that Petitioner's second PCR application was successive and barred by the applicable statute of limitations.

On March 15, 2005, Judge Miller issued a Final Order of Dismissal dismissing Petitioner's second PCR application because the Petitioner had not shown a sufficient reason why the Conditional Order of Dismissal should not become final.

Petitioner timely filed a Notice of Appeal from the dismissal of his second PCR application. Petitioner's appellate counsel filed a "no merit" *Johnson* petition for writ of certiorari. On February 2, 2006, the South Carolina Supreme Court denied the petition. The Remittitur was issued on February 21, 2006.

The instant habeas corpus action, which the Magistrate Judge recommended be dismissed as untimely, was filed on January 19, 2007.

## Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## Discussion

The applicable time frame for filing a petition for writ of habeas corpus is set forth in

the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), and provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Magistrate Judge stated that direct review of Petitioner's conviction and sentence did not become final until December 19, 1999. Petitioner filed his first PCR application on August 22, 2000. Therefore, two-hundred and forty seven (247) days of non-tolled time ran between December 19, 1999, and August 22, 2000. The Magistrate Judge concluded that the first PCR action became final no later than December 3, 2003,[4] when the South Carolina Supreme Court issued the Remittitur.

---

[4] The Remittitur was issued on December 19, 2003, not December 3. *See* [Docket Entry #20-16].

6

Petitioner's second PCR application was filed on July 9, 2004. The Magistrate Judge concluded that an additional two-hundred and nineteen (219) days of non-tolled time ran between disposition of the first PCR application and the initiation of the second PCR application.[5]  On February 21, 2006, the South Carolina Supreme Court issued the Remittitur concluding Petitioner's second PCR action.

Pursuant to *Houston v. Lack*, 487 U.S. 266, 276 (1988), the instant habeas corpus action was commenced on January 17, 2007.  The Magistrate Judge stated that three hundred and thirty (330) days of non-tolled time accrued between the disposition of Petitioner's second PCR action and the initiation of the current habeas corpus action.

In sum, the Magistrate Judge concluded that seven hundred and ninety-six (796) days of non-tolled time passed before the Petitioner initiated this habeas corpus action.[6]  Accordingly, the Magistrate Judge concluded that the present petition for writ of habeas corpus was clearly time barred.

Petitioner's only objection addresses the finality of his first PCR action.  Petitioner argues that no "Final Order" was ever issued in his first PCR action, and that because no "Final Order" was ever issued, his first PCR action is technically still pending.  Petitioner implies that the current habeas action is timely because only 247 days passed between the date direct review of Petitioner's conviction and sentence became final and the filing of the first

---

[5]     Because the Remittitur was issued on December 19, 2003, only two-hundred and three (203) days of non-tolled time ran between the disposition of Petitioner's first PCR action and the initiation of his second PCR action.

[6]     The court disagrees with the Magistrate Judge's calculation that seven-hundred and ninety-six (796) days of non-tolled time passed before the Petitioner initiated this habeas corpus action.  Taking into account the December 19, 2003 Remittitur date, this court concludes that seven-hundred and eighty (780) days of non-tolled passed before the Petitioner initiated this habeas corpus action.

PCR application. This court disagrees. Petitioner also requests leave so that he may seek a properly issued "Final Order" in his first PCR action.

Petitioner's argument is based on a provision of the Uniform Post-Conviction Procedure Act, which states that with regard to hearings on applications for post-conviction relief, "[t]he court shall make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented." S.C. Code Ann. § 17-27-80. In his first PCR action, Petitioner appealed from a one-page Form 4 Order that denied relief without specifically addressing Petitioner's allegations. While the first PCR action was on appeal, Petitioner's appellate counsel filed a motion to remand for rehearing so that a Final Order could be issued pursuant to S.C. Code § 17-27-80. In its Return to Motion to Remand for Rehearing, the State argued that the Petitioner was not entitled to rehearing because the PCR judge made findings and conclusions on the record and issued a Form 4 Order denying relief. The State argued that the findings and conclusions stated on the record and the Form 4 Order denying relief were sufficient to constitute a final judgment in the case. In a one sentence Order, the Supreme Court denied Petitioner's motion to remand on April 3, 2003.

Petitioner argues that the South Carolina Supreme Court should have remanded his first PCR action to the PCR court for rehearing so that a final order could be issued. However, nothing in § 17-27-80, or Rule 52 of the South Carolina Rules of Civil Procedure, requires that findings of fact and conclusions of law be issued in a written order. A review of the transcript from Petitioner's first PCR hearing indicates that Judge Watson stated brief findings of fact and conclusions of law on the record. *See* [Appendix, at pgs. 252-53, Docket Entry #20-4]. Furthermore, the South Carolina Supreme Court's decision to deny Petitioner's motion

to remand constitutes a state court determination of state law, i.e. interpretation and application of S.C. Code § 17-27-80, which is binding upon this court. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Thomas v. Davis*, 192 F.3d 445, 449 n.1 (4th Cir. 1999); *Ramdass v. Angelone*, 187 F.3d 296, 407 (4th Cir. 1999); *Roach v. Angelone*, 176 F.3d 210, 217 (4th Cir. 1999); *Wright v. Angelone*, 151 F.3d 151, 158 (4th Cir. 1998); *Huffington v. Nuth*, 140 F.3d 572, 584 (4th Cir. 1998).

Petitioner filed his petition for writ of certiorari on May 5, 2003. One of the issues raised was "[w]hether a 'Form 4' order is sufficient in order for a post-conviction relief applicant to obtain judicial review." On December 3, 2003, the South Carolina Supreme Court denied Petitioner's petition for writ of certiorari because no issues had been preserved for review.

Recently in *Marlar v. State*, the S.C. Supreme Court made clear that despite any application of § 17-27-80, if an Order denying PCR relief does not specifically address an issue, a motion to amend under Rule 59(e) is required in order to preserve the issue for appellate review. 653 S.E.2d 266, 267 (S.C. 2007). The Court stated:

> Pursuant to S.C. Code Ann. § 17-27-80 (2003), the PCR judge must make specific findings of fact and state expressly the conclusions of law relating to each issue presented. The failure to specifically rule on the issues precludes appellate review of the issues. . . Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review, and the Court of Appeals erred in addressing the merits of the issues and remanding the matter to the PCR judge.

*Marlar*, 653 S.E.2d at 266-67.

Under *Marlar v. State*, the failure of a PCR court to issue an Order specifically addressing a PCR applicant's allegations may affect the PCR applicant's ability to obtain appellate review, but does not preclude a PCR action from becoming final. *Id*. When the Supreme Court issued the Remittitur following its Order denying the petition for a writ of certiorari on December 19, 2003, Petitioner's first PCR action became final.

In *Marlar*, the Supreme Court did not give any indication that the PCR court had failed to issue a final judgment. Likewise, in the instant case, in denying Petitioner's petition for writ of certiorari, the Supreme Court did not suggest that the PCR court had failed to issue a final judgment. Rather, in both cases, the Supreme Court simply commented that the PCR court had not issued an order specifically addressing the petitioner's allegations.

Seven hundred and eighty (780) days of non-tolled time passed before the Petitioner initiated this habeas corpus action ($247^7 + 203^8 + 330^9$). This habeas petition is clearly barred by AEDPA's one-year statute of limitations. 28 U.S.C. § 2244(d)(1). As noted by the Magistrate Judge, even if you consider Petitioner's first and second PCR actions as one continuous, properly filed PCR action, Petitioner is still out of time for filing the instant habeas action because five hundred and seventy-seven (577) days of non-tolled time passed in the period before the first PCR action was initiated and after the second PCR application became final.

---

[7] Number of days between the date direct review of Petitioner's conviction and sentence became final and initiation of Petitioner's first PCR application.

[8] Number of days between date Petitioner's first PCR application became final and date Petitioner initiated second PCR application.

[9] Number of days between date Petitioner's second PCR application became final and date Petitioner initiated the instant habeas action.

With regard to Petitioner's motion to voluntarily dismiss, Petitioner's only basis for the motion is that his first PCR action is still pending and he should be permitted to return to state court to exhaust his state remedies. As discussed above, the PCR court's failure to issue an order specifically addressing the allegations raised by Petitioner affects the ability to obtain appellate review, but does not bar a PCR action from becoming final. *See Marlar*, 653 S.E.2d at 266-67. Accordingly, the court finds that Petitioner's first PCR action became final on December 19, 2003, and that Petitioner exhausted his state remedies.

## Conclusion

For the reasons stated above and by the Magistrate Judge, this court overrules Petitioner's objections and adopts the Report and Recommendation of the Magistrate Judge. Respondent's [Docket Entry #19] motion for summary judgment is **GRANTED** and Petitioner's [Docket Entry #23] motion to voluntarily dismiss is **DENIED**. Petitioner's [Docket Entry #17] motion for reconsideration of the Order granting an extension of time for Respondent to file an Answer is deemed **MOOT**. This case is hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

Florence, South Carolina                                  s/ R. Bryan Harwell
January 29, 2008                                          R. Bryan Harwell
                                                          United States District Judge